```
 1
 2
 3
 4
 5
 6
 7                      UNITED STATES DISTRICT COURT
 8                     CENTRAL DISTRICT OF CALIFORNIA
 9                             WESTERN DIVISION
10
11  DALLAS D. BURHUS,              )  No. CV 09-02550-VBK
                                   )
12            Plaintiff,           )  MEMORANDUM OPINION
                                   )  AND ORDER
13       v.                        )
                                   )  (Social Security Case)
14  MICHAEL J. ASTRUE,             )
    Commissioner of Social         )
15  Security,                      )
                                   )
16            Defendant.           )
                                   )
17
```

18       This matter is before the Court for review of the decision by the
19  Commissioner of Social Security denying Plaintiff's application for
20  disability benefits.  Pursuant to 28 U.S.C. §636(c), the parties have
21  consented that the case may be handled by the Magistrate Judge.  The
22  action arises under 42 U.S.C. §405(g), which authorizes the Court to
23  enter judgment upon the pleadings and transcript of the record before
24  the Commissioner.  The parties have filed the Joint Stipulation
25  ("JS"), and the Commissioner has filed the certified Administrative
26  Record ("AR").
27       Plaintiff raises the following issues:
28       1.   Whether  the Administrative Law Judge ("ALJ") properly

        developed the record;

2. Whether the ALJ properly considered the lay witness testimony; and

3. Whether the ALJ considered Plaintiff's testimony and made proper credibility findings.

(JS at 2.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ DID NOT FAIL TO PROPERLY DEVELOP THE RECORD**

On May 12, 2008, Plaintiff had a consultative psychological evaluation ("CE") from Dr. Sherrill. (AR 426-432.) Plaintiff arrived for his appointment in an apparently intoxicated condition, accompanied by his cousin. Plaintiff's cousin indicated that Plaintiff had suffered an accident resulting in a six-month hospital stay. (AR 428.) Dr. Sherrill noted that there were no records indicating a six-month hospital stay because of an accident. (AR 431.) Plaintiff, on that basis, argues that the ALJ had an obligation to develop the record.

First, the Court notes that the absence of records of any accident, if such records exist, did not impair Dr. Sherrill's ability to render a diagnostic impression and a functional assessment. (AR 431-432.) In any event, the Commissioner correctly notes that Plaintiff and his counsel were given numerous and ample opportunities to provide relevant evidence to support the claim of a disabling

impairment. These opportunities are summarized in the Commissioner's portion of the JS, and include the fact that Plaintiff never mentioned any such treatment for an accident in any of the administrative records (AR 112-113, 131, 137-138); that Plaintiff was advised to obtain and submit to the ALJ updated medical evidence prior to the hearing (AR 72); that a compact disk containing all the evidence was sent to Plaintiff prior to the hearing, on January 10, 2008 (AR 79); that Plaintiff got another notice from the agency on January 24, 2008 reminding him that he could submit additional medical evidence before the hearing (AR 23); that, at the hearing, the ALJ asked Plaintiff if he had reviewed the record and whether he had any objection to it (AR 31-32), and Plaintiff did not object (AR 32); that the ALJ asked Plaintiff if there were any other documents or if the record was complete, and Plaintiff's attorney indicated that it was complete (AR 32); and finally, that Plaintiff had an opportunity to submit additional evidence to the Appeals Council, but failed to do so (AR 4, 9). Indeed, Plaintiff has the burden of producing such evidence. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005).

Further, Plaintiff was sent out for both a psychological CE and a physical CE. Following those examinations, functional capacity assessments were made based upon the clinical examinations. Plaintiff has not explained how, if any additional historic records of treatment existed, they would have impacted the actual assessments made during these examinations.

In sum, there is no ambiguous or incomplete evidence which has been demonstrated to exist in this record which would have any impact upon the disability assessment. Only in such situations is there an obligation to develop the record. See Mayes v. Massanari, 276 F.3d

3

453, 459-60 (9th Cir. 2001). Consequently, the Court finds no error with regard to the first issue.

**II**

**THE ALJ DID NOT FAIL TO PROPERLY CONSIDER LAY WITNESS TESTIMONY**

At the hearing, Plaintiff's cousin, Jason Zink, testified on Plaintiff's behalf, and during that testimony, recounted that Plaintiff falls down; that Plaintiff has had leg problems as long as he can remember; that Plaintiff has to use a cane; that Plaintiff doesn't sleep because he is always in pain; that Plaintiff's doctor rendered an opinion that Plaintiff is unable to take pain medication due to his brain damage; that Plaintiff is unable to write more than his name; that Plaintiff falls down even with a cane, and that this is not due to intoxication. (Id.)

Plaintiff correctly points out that the ALJ failed to mention this lay witness testimony.

The Commissioner agrees that Plaintiff's summary of Jason Zink's testimony is correct, and also agrees that it was not mentioned by the ALJ. Indeed, relevant and pertinent lay witness testimony can be rejected only if reasons germane to such witness's testimony are articulated. See 20 C.F.R. §§404.1513(e)(2); 416.913(e)(2); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).

Plaintiff also notes the holding of Stout v. Commissioner, 454 F.3d 1050, 1056 (9th Cir. 2006), which confirms that harmless error analysis applies in Social Security cases. Thus, it would be harmless error in this case for the ALJ to disregard Mr. Zink's testimony if it can be confidently concluded that no reasonable ALJ, when fully crediting the testimony, would have reached a different determination.

4

Indeed, the Court views this as such a case.

First, Mr. Zink's testimony fairly well mirrored that of Plaintiff himself at the hearing. For example, Plaintiff testified that he does not take pain medication because his doctor believes he will bleed in his brain. (AR 37-38.) He testified he hardly sleeps because of his pain. (AR 38.) He can't walk, because his legs are just worn out. (AR 37.) He needs a cane because he can't walk. (Id.) He does, however, have the ability to read and write. (AR 34.)

Thus, in essence, Mr. Zink added nothing to Plaintiff's own testimony, and in view of the fact that Plaintiff's credibility was depreciated by the ALJ (see discussion, infra, concerning Issue 3), this is particularly significant. Moreover, there is no medical evidence supporting several of Mr. Zink's assertions, such as that Plaintiff's doctor told him he could not take pain medication due to the risk of a brain bleed. Further, Plaintiff was on numerous instances prescribed pain medication. (AR 46, 114, 166, 174, 218, 224, 240, 249, 253, 301, 425.) While Mr. Zink testified that Plaintiff fell down even absent his alcohol abuse, it appears that this conclusion is not well substantiated by the record, since alcohol is and has been a substantial part of Plaintiff's problems. (AR 46, 186, 209, 439.)

It is also the case that Mr. Zink accompanied Plaintiff to both of his consultative examinations, and provided information which was considered by the consultative examiners. (AR 426-32, 437-41.) As such, since the ALJ considered the opinions of the consultative examiners, it was not further necessary to incorporate into his decision the specific information provided to the consultative examiners by Plaintiff's cousin.

Based on the foregoing, the Court finds that any failure to specifically discuss the testimony of Plaintiff's cousin, Jason Zink, is harmless error, and relief is not merited on Issue No. 2.

### III

### **THE ALJ PROPERLY CONSIDERED PLAINTIFF'S CREDIBILITY**

In his third issue, Plaintiff makes the argument that the ALJ erred by failing to make any credibility findings ("The ALJ did not discuss any of the Plaintiff's statements or testimony from the hearing."). (JS 9.)

A review of the ALJ's decision indicates that numerous evidentiary bases were cited to depreciate Plaintiff's credibility. First, the only severe impairment found by the ALJ was that Plaintiff had suffered from basal cell carcinoma of the right lower eyelid. There is no objective medical evidence to support Plaintiff's other complaints, including leg and stomach impairments, which clearly are not caused by basal cell carcinoma. (AR 14.)  Next, the ALJ found evidence of malingering, based on the conclusions reached by both consultative examiners. (AR 426, 429-32, 437, 442.)  Malingering is a substantial and adequate independent reason to make a negative credibility assessment. See Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003).

The ALJ cited additional reasons for discrediting Plaintiff. There was no medical evidence in support of his complaints of leg pain and severe discomfort. (AR 14.)  At the consultative examination, Plaintiff's claim that he would collapse if he stood up from his wheelchair was not substantiated. (AR 437.)  Plaintiff insisted he is unable to walk, but allowed to stand on his own, he could stand up,

6

albeit with a trembling leg and slightly stooped over. (AR 441.) When the consultative examiner asked him to remove his boots, Plaintiff screamed in pain when his cousin attempted to do this, but then suddenly rose from the examination table, sat in a chair, bent his left knee, and removed his boots. (AR 441.) Clearly, these are all relevant factors in a credibility assessment.

Plaintiff claimed he could not take pain medication but was repeatedly prescribed pain medication. (AR 46, 114, 166, 174, 218, 224, 240, 249, 253, 301, 425.)

Both consultative examiners determined that Plaintiff did not give maximum or consistent effort in the examinations. During the physical medicine CE, Plaintiff was uncooperative and disruptive. (AR 14, 437, 441-42.) As the Court previously noted, during his psychological CE, Plaintiff was intoxicated to the extent that he could hardly participate in the examination. (AR 14, 426-32.)

Despite Plaintiff's severe symptom complaints, he failed to report these to his treating physicians. (AR 14.) There is no evidence that he sought medical treatment for his assertedly agonizing pain. Finally, although Plaintiff claimed that he drank alcohol only to relieve pain and in moderate amounts, the record indicates a 30-year history of alcohol abuse and frequent alcohol intoxication. (AR 14, 174, 209, 225, 307.)

All in all, even if Plaintiff argued that the reasons cited by the ALJ were insufficient to substantiate an adverse credibility finding, that argument would have no merit. Thus, the Court finds no error with regard to the ALJ's credibility determination.

//
//

1  The decision of the ALJ will be affirmed.  The Complaint will be
2  dismissed with prejudice.
3  **IT IS SO ORDERED.**

5  DATED: January 21, 2010                     /s/
                                        VICTOR B. KENTON
6                                       UNITED STATES MAGISTRATE JUDGE